28 C.C.P.A.(Patents)

### In re RUNDELL.
### Patent Appeal No. 4399.

Court of Customs and Patent Appeals.

Dec. 9, 1940.

George S. Hastings, of Brooklyn, N. Y., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claim 21 in appellant's application for a patent for an alleged invention relating to improvements in a scrap (short filler) cigar bunch machine.

The appealed claim reads: "21. In a cigar machine, the combination with a bunch shaping device comprising a rotating drum having arranged about its circumference an endless series of cigar-shaped pockets, of a bunch roller operating to roll filler tobacco in a binder, a hopper for holding a bulk supply of scrap tobacco, means for intermittently delivering tobacco charges from said hopper to said roller to be rolled thereby, mechanism for transferring bunches from said roller to said device, a binder cutting means, a transfer for transferring a binder from said means to said bunch roller, intermittent drive mechanism for intermittently rotating said drum, and driving connections between said intermittent mechanism, said bunch charge delivering means, said binder transfer, said bunch roller and said transferring mechanism to operate the same in timed relation, said transfer mechanism including means acting on the end of the bunch to locate the same endwise prior to delivery of the same to said shaping device to properly locate the ends thereof relative to the ends of the pockets of said drum."

The references are:

Burchardi et al., No. 1,075,189, October 7, 1913.

Liberman, No. 1,567,279, December 29, 1925.

Bargeboer, No. 1,594,704, August 3, 1926.

Snyder, No. 1,785,822, December 23, 1930.

That appellant's application discloses patentable subject matter is evident from the fact that the Primary Examiner allowed seventeen claims, and, on appeal, three additional claims were allowed by the Board of Appeals.

The appealed claim, which defines an apparatus comprising a combination of old elements, was rejected by the Primary Examiner on the disclosure in the patent to Snyder in view of the disclosures in the patents to Liberman and Burchardi et al., and also on the disclosure in the patent to Bargeboer in view of the disclosures in the patents to Liberman and Snyder.

In his statement to the Board of Appeals, the Primary Examiner described in detail the references of record. In view of the fact that counsel for appellant does not challenge the statement of the examiner as to the disclosures in the references, we deem it unnecessary to fully describe the reference structures here. It is sufficient to say that the patent to Snyder discloses a bunch shaping device comprising a rotating drum having an endless series of cigar-shaped pockets arranged about its circumference, a bunch roller operating to roll filler tobacco in a binder, and mechanism for transferring bunches from the bunch roller to a bunch shaping device. Mechanism is also provided in the Snyder apparatus for operating the bunch rolling mechanism, the bunch transfer mechanism, and the drum automatically in timed relation. The patentee also discloses the last means called for by the appealed claim; that is means for acting on the end of the cigar bunch "to locate the same endwise prior to delivery of the same to said shaping device to properly locate the ends thereof relative to the ends of the pockets of said drum." The patentee does not disclose a hopper for holding a bulk supply of scrap tobacco, nor means "for intermittently delivering tobacco charges" from the hopper to the bunch roller, as called for by the appealed claim. However, those elements

are disclosed in the patent to Liberman, and it was the view of the Primary Examiner that it would not involve invention to add to the Snyder apparatus the Liberman hopper and the means disclosed by Liberman for automatically feeding tobacco to a bunch roller.

The patent to Snyder does not disclose a binder cutting means, nor a binder transfer for transferring a binder from the cutting means to the bunch roller, as called for by the appealed claim. However, both of those elements are disclosed in the patent to Burchardi et al., and the Primary Examiner was of opinion that it would be obvious to one skilled in the art to provide the modified Snyder apparatus with those elements, and associate all the elements in the modified Snyder apparatus in timed relation. We quote from the examiner's statement to the Board of Appeals: " * * * Since in Burchardi, the binder die, the binder transfer and the rolling table, which are operated from inter-connected shafts * * * are automatically synchronized with each other and with the other elements of the machine, and since Snyder's various parts are synchronized * * * and since Liberman's mechanism is driven from [a] main drive shaft * * *, it would be obvious to synchronize the hopper mechanism, charge delivery mechanism, the binder cutter, and the binder transfer with each other and with the other elements of the Snyder machine to which they are added. Otherwise the machine would lack utility, since it is necessary that the various parts of the machine operate on the tobacco in sequence. Also in Burchardi, the means * * * for delivering tobacco to the rolling apron * * * is synchronized with the operation of the rolling apron, both being operated from shaft 72 [one of the main shafts]. Thus it would be obvious to synchronize all parts of the modified Snyder machine."

The patent to Bargeboer discloses a bunch roller which operates to roll filler tobacco in a binder. It also discloses binder cutting means and means—a transfer—for transferring a binder from the cutting means to the bunch roller, all of which elements are synchronized. The Primary Examiner was of opinion that is would not involve invention to associate the elements disclosed in the patents to Liberman and Snyder in synchronized relation to the bunch roller disclosed in the patent to Bargeboer.

In its decision affirming the decision of the Primary Examiner, the Board of Appeals stated that the appealed claim "does not sufficiently set forth unobvious details as to the means which appellant has provided for automatically effecting the transfer. We believe that it would have been generally recognized that an automatic transfer would be desirable and we consider that appellant should be limited to patentable details whereby he has accomplished the improvement."

■ It is true, as argued by counsel for appellant, that no single reference of record suggests the general combination defined by the appealed claim, and that appellant's apparatus is new and useful. However, we are in agreement with the views expressed by the tribunals of the Patent Office that, with the references of record before him, the desirability of combining the hopper and mechanism for delivering tobacco charges therefrom, disclosed in the patent to Liberman, with the bunch roller of the Snyder apparatus and also combining the binder cutting means and binder transfer of the Burchardi et al. device with the thus modified Snyder apparatus, would readily occur to one skilled in the art.

■ It will be observed that the appealed claim merely calls broadly for associating together several old elements by "driving connections" so that they operate in timed relation, and the Primary Examiner was of opinion that each of those elements performs the same function in appellant's unitary device that it did in the prior art. The examiner's statement in that regard is not challenged here by counsel for appellant. Furthermore, there is nothing in the brief of counsel for appellant, nor in the record, to indicate that it required anything more than mechanical skill to associate broadly the old elements so that they would operate in timed relation in appellant's unitary device.

In view of the fact that scrap tobacco is automatically fed from the hopper in the Liberman structure to the rolling apron, that the binder cutting means and the binder transfer and roller in the Burchardi et al. structure operate in timed relation, and that the involved elements in the Snyder apparatus also operate automatically and in timed relation, we are unable to hold that it would involve invention to combine those old elements so that they would operate in timed relation in a unitary device.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.